JANNEY v. PAN-COAST VENTILATOR & MFG. CO.

(Circuit Court, E. D. Pennsylvania.   June 16, 1904.)

No. 20.

1. INJUNCTION—VIOLATION—CONTEMPT PROCEEDINGS.

The president of a defendant corporation *held* guilty of contempt of court for violation of an injunction restraining the use by the corporation of a trade-name.

In Equity.   On motion to revoke appointment of master, and motion to attach Joseph C. Henvis for contempt for violation of injunction.

See 128 Fed. 121.

A. B. Weimer, for complainant.

A. T. Johnson and Charles F. Warwick, for Jos. C. Henvis.

J. B. McPHERSON, District Judge.   Much as I should have preferred to profit by the report of a master on the motion to attach the respondent, Henvis, for contempt, I shall be obliged to forego that advantage.   The complainant moves to revoke the order appointing the master on the ground that he has no further testimony to offer, and for that reason asks the court to dispose of the motion to attach upon the affidavits that have already been presented.   Under these circumstances I think the motion to revoke should be granted, and, as this requires me to decide for myself whether a contempt has been committed, I have given the testimony careful consideration, making an especial effort to read it without bias or prejudice.   I hope I may have succeeded, for my conclusion is adverse to the respondent.   To my mind it is clear that he deliberately evaded and disobeyed the injunction order of February 26, 1904, by issuing the circular headed,

"We challenge the world," etc., if by no other act, and I am therefore obliged to adjudge him guilty of contempt.

It is accordingly ordered that the motion to revoke the appointment of the master be granted, and, after consideration of the affidavits heretofore submitted, the court does adjudge Joseph C. Henvis, the respondent, guilty of contempt in disobeying the injunction order of February 26, 1904, and as a penalty for this disobedience orders that he pay a fine of $100 and the costs of this attachment proceeding within five days from this date. In default of such payment the marshal is directed to take him into custody, and deliver him to the jail of Philadelphia county, there to suffer imprisonment for the period of 30 days.